Filed 6/17/24  P. v. Williamson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ALVIN WILLIAMSON, JR.,<br><br>　　　Defendant and Appellant. | E083137<br><br>(Super. Ct. No. FSB051614)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant Alvin Williamson, Jr. appeals the trial court's postjudgment order denying his petition for resentencing of his first degree murder

1

conviction (Pen. Code,[1] § 187, subd. (a)) under section 1172.6 (formerly § 1170.95).

Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Because defendant's counsel filed a brief raising no issues and defendant was notified by this court and his counsel that failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned and was given an opportunity to file a personal supplemental brief but failed to do so, we may dismiss the appeal as abandoned. (*Delgadillo*, *supra*, at pp. 231-232.) However, having exercised our discretion to conduct an independent review of the record, we affirm the judgment. (*Ibid*.)

## II.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

On August 2, 2005, the victim and Tony Kilgore got into a fight on the patio of an apartment. They fought for a few minutes and then the victim left. The victim was a member of the "Tre 57" gang, which is part of a "Crip set" out of Pomona, also known as

---

[1] All future statutory references are to the Penal Code.

[2] A summary of the factual background and part of the procedural background is taken from this court's prior nonpublished opinion in defendant's direct appeal, case No. E048092, which is found in the clerk's transcript of the present appeal. (*People v. Williamson, Jr.* (Sept. 13, 2010, E048092 [nonpub. opn.] (*Williamson I*).)

the "357" gang. As the victim was walking away from the fight, he told Kilgore, "F——

South Ridge, n—a. This is Pomona pimpin'." (*Williamson I*, *supra*, E048092.)

Defendant was standing about five feet away from the victim when the victim

made the above statement. The victim started walking to his car, when defendant

confronted him and said something to the effect of, "You have four seconds to get out of

here. If you don't get out of here, I'm going to kill you. I'm going to shoot at you."

(*Williamson I*, *supra*, E048092.) The victim said, "No. I live in this apartment." (*Ibid*.)

As the victim walked toward the apartment, defendant pulled out a gun and started

shooting. The victim ran through the apartment, and defendant chased him. The victim

went out the bedroom window, and defendant followed him. Defendant shot the victim,

and the victim dropped to the ground. (*Williamson I*, *supra*, E048092.)

The evidence showed that defendant admitted he was an active member of the

"456 Pomona Blood" gang in July 2005. (*Williamson I*, *supra*, E048092.) At trial,

defendant testified that he was not an active gang member at the time of the shooting in

August 2005, but acknowledged to having gang tattoos and a gun in his pocket on the day

of the shooting. Defendant admitted that he knew the victim was a member of the "357"

or "Tre 57" gang. (*Williamson I*, *supra*, E048092.) He claimed that the victim took a

swing at him during the altercation and stated that he would be back to "smoke"

defendant. (*Williamson I*, *supra*, E048092.) Defendant next saw the victim on the patio.

Then he heard two shots fired. Defendant drew his gun and fired a shot in the direction

he heard the shots coming from. Defendant then went into the apartment and fired

another shot in the bedroom. Defendant ran out of the apartment, but did not call the police. At trial, defendant testified that he believed the incident had something "to do with a gang or what gang [he was] from." (*Williamson I*, *supra*, E048092.)

A jury found defendant guilty of first degree murder (§ 187, subd. (a).) The jury also found true the allegations that defendant committed the murder for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, or assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)(B)), and that he personally and intentionally used and discharged a firearm, causing great bodily injury or death (§ 12022.53, subds. (b), (c), (d)). (*Williamson I*, *supra*, E048092.) The trial court sentenced defendant to 25 years to life on the murder conviction, a consecutive 25-year-to-life term on section 12022.53, subdivision (d), gun enhancement, and a consecutive five-year term on the gang enhancement (§ 186.22, subd. (b)(1)(B)). (*Williamson I*, *supra*, E048092.)

Defendant subsequently appealed, arguing there was insufficient evidence to support the true finding on the gang enhancement, and the court abused its discretion in admitting evidence of defendant's gang moniker. We affirmed defendant's judgment on September 13, 2010, in case No. E048092. (*Williamson I*, *supra*, E048092.)

On August 3, 2023, defendant in pro. per. filed a petition for resentencing under section 1172.6. In his petition, among others, he checked the box stating he could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019, and requested appointment of counsel. The People filed

4

opposition to defendant's petition for resentencing. The People argued defendant was ineligible for resentencing as a matter of law because he was the actual killer and was not convicted of felony murder, murder under the natural and probable consequences doctrine or any other theory under which malice is imputed. In support, the People attached the information, the jury instructions, verdicts and findings, and this court's prior opinion in case No. E048092. Defendant thereafter filed a reply to the People's opposition.

The trial court subsequently appointed counsel for defendant, and counsel filed a prima facie brief.

A hearing to determine defendant's eligibility for resentencing was held on December 8, 2023. At that time, the prosecutor requested the petition be denied, arguing, in pertinent part: "Defendant is seeking resentencing pursuant to . . . [section] 1172.6. . . . [¶] That section is limited to individuals who were convicted of murder under either a natural and probable consequences felony murder or other theory upon which malice can be imputed to the defendant. [¶] None of those theories were available in defendant's case. He was convicted as the sole actual shooter. The jury made findings showing that he acted alone. [T]he jury made findings that he acted with an intent to kill in finding willful, deliberate, premeditated. [¶] It's the People's position that he does not fall within the class of defendants who is eligible for relief under this section. Therefore, he cannot make a prima facia showing that he's entitled to an evidentiary hearing and his petition should be denied."

After defense counsel indicated she had no response and submitted, the trial court denied the petition. The court explained its reasoning as follows: "Having reviewed [defense counsel]'s papers, the initial application filed by [defendant] in a self-represented state, my review of the jury instructions and the minutes reflect that there was not a natural and probable consequence theory. There was not a felony murder theory. This was an alleged gang shooting. [¶] The Court has no independent memory of this case whatsoever even after I reviewed the appellate opinion. Even if I did have an independent recollection, I would set that aside. [¶] There is -- there are jury instructions in the file that show I instructed the jury on willful, deliberate and premeditated and personal use of a firearm in this particular case. The record also has copies of the verdicts in this case reflecting that he was found guilty under a willful, deliberate and premeditated theory as well as personal use of a firearm. [¶] As such, under [section] 1170.95, which has now morphed into [section] 1172.6, the defendant was an actual willful, deliberate and premeditated murderer and is not entitled to the requested relief. [¶] The defense application that this Court issue an order that there's a prima facia showing is denied." Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background. (See *People v. Wende* (1979) 25 Cal.3d 436;

6

*Anders v. California* (1967) 386 U.S. 738.)  Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues.

Appointed counsel notified defendant that he may personally file a supplemental brief and "that his appeal may be dismissed, at the Court's discretion, if he does not file a supplemental brief within thirty days."  We also notified defendant that he may personally file any supplemental brief and that failure to timely do so may result in the dismissal of the appeal as abandoned.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

In *Delgadillo*, *supra*, 14 Cal.5th 216, the California Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition.  (*Delgadillo*, *supra*, at pp. 224-226.)  Thus, we need not examine the entire record ourselves to look for arguable grounds for reversal.  (*Id*. at p. 228.) Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal as abandoned.  (*Id*. at p. 232.)  "Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'"  (*Id*. at p. 229.)

We, however, have discretion to conduct *Wende* review even when it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Although this case does not call for us to do so, we have independently examined the record for potential error and find no arguable error that would result in a disposition more favorable to defendant. It is well settled that section 1172.6 precludes relief as a matter of law where the record of conviction shows a defendant was the sole perpetrator and actual killer. In *Delgadillo*, for example, our Supreme Court determined that the defendant was "not entitled to any relief under section 1172.6" because he "was the actual killer and the only participant in the killing." (*Delgadillo*, *supra*, at p. 233; see also *People v. Garcia* (2022) 82 Cal.App.5th 956, 969 [affirming denial of resentencing because the record of conviction "unequivocally establishes" the defendant was the sole perpetrator and the actual killer]; *People v. Harden* (2022) 81 Cal.App.5th 45, 47-48 [petition for resentencing may be summarily denied when, without factfinding, weighing conflicting evidence, or making credibility determinations, the record of conviction irrefutably establishes as a matter of law that the jury determined the defendant was the actual killer].)

The trial court here examined the motions filed by the parties, the jury instructions, the jury verdicts and findings, and defendant's record of conviction and determined, without finding facts or relying on our prior appellate opinion, that the jury necessarily found defendant was the actual killer. We have reviewed the jury instructions and reach the same conclusion. The jury here was not instructed on aiding and abetting, felony murder, natural and probable consequences, or any other theory by which malice

8

could be imputed to defendant. Rather, as the trial court noted, the jury found defendant guilty under a willful, deliberate and premediated theory as the sole perpetrator. As the actual killer, defendant is not entitled to relief as a matter of law. (§ 1172.6; *Delgadillo*, *supra*, 14 Cal.5th at p. 233.) To be eligible for relief under section 1172.6, the petitioner must make a prima facie showing that he or she "could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Defendant cannot make this showing.

IV.

DISPOSITION

The trial court's postjudgment order denying defendant's section 1172.6 petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

9